**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-6060**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DONTA BETTS,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, Senior District Judge. (1:15-cr-00557-CCB-1)

Submitted: August 21, 2018                    Decided: August 31, 2018

Before GREGORY, Chief Judge, and DUNCAN and AGEE, Circuit Judges.

Dismissed in part, affirmed in part by unpublished per curiam opinion.

Mary E. Davis, DAVIS & DAVIS, Washington, D.C., for Appellant. Robert K. Hur, United States Attorney, Matthew J. Maddox, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donta Betts pled guilty pursuant to a plea agreement to a superseding information charging him with making a destructive device, in violation of 18 U.S.C. § 2 (2012) and 26 U.S.C. § 5861(f) (2012), and discharging a firearm during and in relation to and in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (2012). The parties agreed pursuant to Fed. R. Crim. P. 11(c)(1)(C) that a prison sentence of between 14 and 16 years was the appropriate disposition of the case, and the district court sentenced Betts to a total of 15 years' imprisonment. On appeal, Betts challenges the validity of his guilty plea and claims that trial counsel rendered ineffective assistance. Relying on the appeal waiver in Betts' plea agreement, the Government urges dismissal of those claims falling inside the waiver's scope. For the reasons that follow, we dismiss the appeal in part and affirm in part.

A criminal defendant may waive the right to appeal if that waiver is knowing and voluntary. *United States v. Davis*, 689 F.3d 349, 354 (4th Cir. 2012) (per curiam). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy and a review of the record reveals that the defendant understood the full import of the waiver, the waiver is both valid and enforceable. *United States v. Copeland*, 707 F.3d 522, 528 (4th Cir. 2013). Whether a defendant validly waived his right to appeal is a question of law we review de novo. *Davis*, 689 F.3d at 354-55. We will enforce an appeal waiver if the waiver is valid and the issue appealed is within the scope of the waiver. *Id*. at 355.

Having reviewed the record, we conclude that Betts knowingly and voluntarily waived his right to appeal his convictions and his 15-year sentence. Thus, review of any claims raised by Betts that fall within the scope of this broad waiver is barred.

On appeal, Betts claims that trial counsel rendered ineffective assistance by failing to advise the district court at the guilty plea hearing that he had an intellectual disability and by failing to have him evaluated for competency to plead guilty and be sentenced. Betts did not preserve in his plea agreement the right to appeal his convictions or sentence based on any alleged ineffective assistance by trial counsel, and his ineffective assistance challenges fall squarely within the compass of the valid and enforceable appeal waiver. We therefore dismiss the appeal in part.

Betts also challenges the validity of his guilty plea, claiming it was not knowing and voluntary. Betts' appeal waiver does not foreclose this challenge. *See*, *e.g.*, *United States v. Attar*, 38 F.3d 727, 732-33 & n. 2 (4th Cir. 1994).

"A guilty plea operates as a waiver of important rights, and is valid only if done voluntarily, knowingly, and intelligently, with sufficient awareness of the relevant circumstances and likely consequences." *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005) (internal quotation marks omitted). In federal cases, Rule 11 "governs the duty of the trial judge before accepting a guilty plea." *Boykin v. Alabama*, 395 U.S. 238, 243 n.5 (1969). The Rule "require[s] a district court, before accepting a guilty plea, to personally inform the defendant of, and ensure that he understands, the nature of the charges against him and the consequences of his guilty plea." *United States v. Hairston*, 522 F.3d 336, 340 (4th Cir. 2008) (internal quotation marks omitted).

3

Because Betts did not move in the district court to withdraw his guilty plea, we review the acceptance of the plea for plain error only. *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016). It is thus Betts' burden to show (1) error; (2) that was plain; (3) affecting his substantial rights; and (4) that this court should exercise its discretion to notice the error. *United States v. Martinez*, 277 F.3d 517, 529, 532 (4th Cir. 2002). In the guilty plea context, a defendant meets his burden to establish that a plain error affected his substantial rights by showing a reasonable probability that, but for the error, he would not have entered the guilty plea. *United States v. Massenburg*, 564 F.3d 337, 343 (4th Cir. 2009).

Betts contends on appeal that his guilty plea was not knowing and voluntary because the district court did not: explain at the guilty plea hearing the meaning of the term "destructive device" when reviewing the offenses to which he was pleading guilty; ask whether he understood and agreed with "the [S]entencing [G]uidelines calculations"; inquire whether defense counsel believed he was competent to plead guilty; and "broaden its inquiry" when he answered affirmatively to misstatements in two questions. Having reviewed the record and the parties' briefs, we conclude that Betts fails to establish plain error in the acceptance of his guilty plea.

The district court was not required to explain to Betts the definition of a destructive device in accepting his guilty plea. Rather, the court was required, using the factors set forth in Fed. R. Crim. P. 11, "to assure that [Betts was] not misled as to the nature of the offense[s] with which he st[oo]d[] charged." *United States v. Reckmeyer*, 786 F.2d 1216, 1221 (4th Cir. 1986) (internal quotation marks omitted). Betts has not

4

suggested that, as a result of the district court's failure to explain the definition of a destructive device, he was misled as to or did not understand the nature of the charges to which he pled guilty.

It is also clear from the record that the district court ensured Betts understood its obligations, in determining a sentence, to calculate the applicable range under the Sentencing Guidelines and to consider that range in determining the sentence, *see* Fed. R. Crim. P. 11(b)(1)(M), and the parties' stipulations in the plea agreement regarding applicable Guidelines provisions. Rule 11 contains no requirement that a district court calculate the applicable Guidelines range or ensure a defendant understands and agrees with that range as part of its acceptance of his guilty plea. The district court thus did not plainly err in failing to ask Betts at the plea hearing whether he understood and agreed with the Guidelines calculations.

Next, based on Betts' responses to its questions at the plea hearing, the district court determined he was competent to plead guilty. Betts has not suggested how any questioning by the district court of defense counsel's view of his competence would have had any bearing on the competency finding. He also has not pointed to anything in the record supporting the conclusion that the court's failure to question defense counsel amounted to its ignoring of facts raising a bona fide doubt regarding his competency to plead. *Accord United States v. Moussaoui*, 591 F.3d 263, 291 (4th Cir. 2010) (observing that a defendant may prevail on a claim that a district court erred in failing to hold a competency evaluation when the trial court ignored facts raising a bona fide doubt regarding his competency). We therefore discern no plain error in this regard.

5

Finally, although Betts answered affirmatively at the plea hearing when the courtroom deputy initially asked him whether he wished to plead guilty to a count in the indictment—rather than to the two charges in the superseding information—and when the district court initially asked him whether he understood the parties' agreed-upon sentencing range was 14 to 16 months—rather than 14 to 16 years—each misstatement was immediately corrected, and Betts confirmed his agreement with the corrected questions. Betts has not suggested with respect to this claim or any of his others that, but for the district court's omissions, he would not have entered his guilty plea.

Accordingly, we dismiss the appeal in part and affirm the criminal judgment in part. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART;*
*AFFIRMED IN PART*